IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Karen Banks,<br><br>Plaintiff,<br><br>vs.<br><br>Nationwide Recovery Service, Inc.,<br>a Tennessee corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, KAREN BANKS, THROUGH COUNSEL, BY,** and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act (“FDCPA”), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. Venue is proper in the Northern District of Georgia, Atlanta Division, as the Defendant is a Tennessee corporation with a registered agent in Norcross, Georgia in Gwinnett County.

## PARTIES

3. The Defendant to this lawsuit is Nationwide Recovery Service, Inc., which is a Tennessee corporation that maintains its registered agent in the City of Norcross, in Gwinnett County, Georgia.

## GENERAL ALLEGATIONS

4. On or about May 20, 2016, Ms. Banks obtained her Equifax credit file and noticed that Defendant reported a debt with account number: 571XXXX in the amount of $70 allegedly owed to Georgia Regents Medical Center (the "Debt").

5. On or about June 2, 2016, Ms. Banks submitted a letter to Defendant disputing the alleged Debt.

6. On or about June 14, 2016, Navy Federal Credit Union obtained Ms. Bank's Equifax credit file.

7. The following companies obtained Ms. Bank's Equifax credit file after her letter disputing the alleged Debt was mailed:

   a. June 16, 2016-7th Avenue;
   b. June 20, 2016-LexisNexis: USAA;
   c. June 22, 2016-The Travelers Indemity Company;
   d. June 25, 2016-Comenity Bank/Torrid;
   e. June 27, 2016-Ashro;
   f. June 28, 2016-Navy Federal Credit Union and Intuit, Inc.;
   g. June 30, 2016-Intuit, Inc.;
   h. July 7, 2016-Montgomery Ward's;
   i. July 26, 2016-Capital One;
   j. August 2, 2016-Fingerhut/Webbank;

k. August 24, 2016-Comenity Bank; and
l. August 26, 2016-Credit Karma, Inc.

8. The following companies obtained Ms. Bank's Experian credit file on the following dates after her letter disputing the alleged Debt was mailed:

   a. June 2, 2016-American Express;
   b. June 23, 2016-Freedom Mortgage;
   c. June 28, 2016-USAA;
   d. July 15, 2016-ConsumerInfo.com;
   e. July 17, 2016-Capital One;
   f. July 19, 2016-Chase Mortgage;
   g. August 2, 2016-ConsumerInfo.com;
   h. August 3, 2016-Discover Financial Services;
   i. August 6, 2016-American Express;
   j. August 10, 2016-American Express;
   k. August 12, 2016-ConsumerInfo.com; and
   l. August 22, 2016-Discover Financial Services.

9. On or about July 20, 2016, Ms. Bank received a letter from Defendant which stated that it closed the account and requested that it be deleted with the credit bureaus. However, Defendant referenced different account numbers, not the account number related to the alleged Debt.

10. On or about August 30, 2016, Ms. Banks obtained her Experian credit file and noticed that Defendant failed to report the alleged Debt as in dispute, in violation of the FDCPA.

11. On or about August 31, 2016, Ms. Banks obtained her Equifax credit file and noticed that Defendant failed to report the alleged Debt as in dispute, in violation of the FDCPA.

12. As a result of Defendant’s actions, Ms. Banks has suffered damages.

## COUNT I-VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.
14. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
15. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.
16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).
17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant did this when it failed to report the alleged Debt as in dispute status.
    b. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to

communicate that a disputed debt is disputed. Defendant did this when it continued to report the Debt without flagging it as in dispute on Plaintiff's Experian and Equifax credit files after numerous companies obtained Ms. Banks' Experian and Equifax credit files.

18. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

DATED: November 17, 2016

By: /s/ Alex Simanovsky
Alex Simanovsky
Attorneys for Plaintiff,
Karen Banks

Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road
Suite 300
Atlanta, GA 30345
678-781-1012 (Phone)
877-570-5413 (Fax)
alex@a-s-law.com